**STATE**

v.

**William ACKERMAN.**

**No. 94–205–C.A.**

Supreme Court of Rhode Island.

March 16, 1995

Jeffrey Pine, Atty. Gen., Jodie Gladstone, Asst. Atty. Gen., for plaintiff.

Paul J. DiMaio, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on February 21, 1995, pursuant to an order directing both the state and the defendant, William Ackerman, to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from a conviction of witness intimidation and making threatening telephone calls. He argues that the trial justice erroneously admitted into evidence testimony relating to a prior charge of pandering for prostitution.

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. The issues raised will be decided at this time.

Rule 404(b) of the Rhode Island Rules of Evidence provides in pertinent part:

"Evidence of other crimes, wrongs, or acts is not

admissible to prove the character of a person in order

to show that the person acted in conformity therewith.

It may, however, be admissible for other purposes, such

as proof of motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake or

accident * * *."

It is also clear that evidence of prior bad acts, even when criminal, is admissible when it is interwoven with the offense for which a defendant is being tried or it directly supports a finding of guilty knowledge in the perpetration of that offense. *State v. Colangelo*, 55 R.I. 170, 174, 179 A. 147, 149 (1935). Prior conduct is also admissible if it tends to

establish the identity of the person charged with the commission of the crime on trial. *State v. Sepe,* 122 R.I. 560, 565, 410 A.2d 127, 130 (1980). The trial justice must give specific instructions concerning the limited purpose of Rule 404(b) evidence if it is admitted. *State v. Chartier,* 619 A.2d 1119, 1123 (R.I. 1993).

The record reveals that during the charge to the jury the trial justice gave a specific instruction regarding the kind of evidence complained of and the use that the jury could make of such evidence in its deliberations. The court is of the opinion that this jury charge properly instructed the jury about the testimony in regard to the pandering charge and fully complied with the requirements set forth in *Chartier.*

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.